# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **ROY C. JACKSON** | **CIVIL ACTION NO. 04-2296** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **FORD MOTOR COMPANY** | **MAG. JUDGE JAMES D. KIRK** |

## RULING

Pending before the Court is a Motion for Summary Judgment [Doc. No. 27] filed by Defendant Ford Motor Company ("Ford'). On November 9, 2005, Magistrate Judge James D. Kirk issued a Report and Recommendation [Doc. No. 35] recommending that the motion be granted in part and denied in part.

On November 16, 2005, Plaintiff Roy C. Jackson ("Jackson") filed an "Objection to Report and Recommendation of U.S. Magistrate Judge by Roy C. Jackson" ("Objection") [Doc. No. 36]. Ford did not file a response.

Because a ruling on a motion to dismiss or a motion for summary judgment involves a case dispositive matter, the Court reviews the magistrate judge's findings, conclusions, and recommendations *de novo*. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); *Parks v. Collins*, 761 F.2d 1101, 1104 (5th Cir. 1985).

Having undertaken a *de novo* review of the entire record, including Jackson's objections, the Court ADOPTS the Report and Recommendation of the Magistrate Judge and GRANTS IN PART and DENIES IN PART Ford's Motion for Summary Judgment.

In his Objection, Jackson contends that the Magistrate Judge improperly recommended

summary judgment on his breach of contract claim. He argues that the operator exit assessment created a contract with Ford that it would recommend Jackson for another dealership or "point." He disagrees with the Magistrate Judge's conclusion that there was no "cause" for this alleged contract. According to Jackson, "[t]he obvious 'cause' was to get JACKSON to resign the Durrant dealership without being forced out or suit being filed." [Doc. No. 36, p. 2]. He further argues that the Magistrate Judge improperly concluded that there was no meeting of the minds because both parties signed the operator exit assessment.

The Court has carefully considered Jackson's objections, but also concludes, as a matter of law, that there is no breach of contract based on the operator exit assessment. In order for a contract to exist, it must convey some promise and create some obligation. The operator exit assessment did neither. As the title suggests, it was simply an assessment or evaluation of Jackson's performance as operator at the Durant dealership, not a contract. While Jackson contends that the "cause" for this alleged contract is obvious, he has produced no evidence of a connection between the standard form operator exit assessment, prepared on June 1, 2001, and a separate general release of claims he signed twenty (20) days later.

Accordingly, the Court concludes that Jackson has failed to state a claim as a matter of law for breach of contract based on the operator exit assessment.

Monroe, Louisiana, this 18th day of January, 2006.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE